RODEBAUGH ET AL. *v.* RODEBAUGH.

[No. 12,600.   Filed January 7, 1927.]

1. WITNESSES.—*Not error for court to call claimant against estate where claim has been established by other witnesses.*— In the trial of an administrator's claim against his decedent's estate for services in caring for and supporting her, it was not error for the court to call the claimant as a witness and ask him whether any part of the claim had been paid and whether he was administrator, after the material features of his claim had been established, by other witnesses.   p. 546.

2. APPEAL.—*Available error in exclusion of evidence not shown.* —No available error is shown on appeal as to the exclusion of evidence where appellant's recital of evidence in his brief does

not show that the witness was questioned as to the matter, that the court refused to admit the testimony, that any offer to prove was made, or that any exception was taken to any ruling of the court.   p. 547.

3.   EXECUTORS AND ADMINISTRATORS.—Evidence *held* sufficient to establish son's claim against his mother's estate for taking care of her in his own home and to justify the court in calling him as a witness.   p. 547.

From the Allen Circuit Court; *Sol A. Wood,* Judge.

Claim by William Rodebaugh against the estate of his mother, of which he was administrator.   From a judgment in favor of claimant, Ira Rodebaugh and another appeal.   *Affirmed.*   By the court in banc.

*W. W. Sharpless* and *Aiken, Grant & Aiken,* for appellants.  ·

*Hoffman, Shoaff & Hoffman,* for appellee.

McMAHAN, C. J.—Appellee filed a claim against the estate of his mother for care and support.   Appellee being the administrator of the estate, his claim was transferred to the trial docket.   Two of the children of the decedent protested the claim and the court appointed special counsel to represent the estate and defend the claim.   A trial by the court resulted in the claim being allowed in the sum of $984.   Appellants contend that the court erred:   (1) In calling appellee as a witness; (2) in excluding certain evidence; and (3) that the decision of the court is not sustained by sufficient evidence.

The evidence is sufficient to remove the presumption that appellee's services rendered to his mother were rendered gratuitously; that he was under no greater

1.   obligation to care for his mother than the other children were and was such that a contract or agreement on the part of the decedent to pay for such services might fairly be inferred.   With evidence of this character before it, the court called appellee as

a witness, and, over the objection and exception of appellants, asked him two questions: (1) If any part of the claim for the care and support of his mother had been paid. (2) If he was the administrator of the estate. The first was answered in the negative, the second in the affirmative. Clearly the court did not abuse its discretion in this matter. See *Yost* v. *Dunk* (1914), 57 Ind. App. 151, 106 N. E. 644.

2. In so far as the claim that the court erred in refusing to admit certain evidence to the effect that the decedent had told a witness that she did not owe anyone for her support, it is sufficient to say that in appellants' recital of the evidence of these witnesses, there is no showing that any question was asked the witnesses concerning this matter; that any offer to prove was made; that the court refused to permit them to introduce any evidence on that subject; that any offer to prove was made or that any exception was taken to any ruling of the court. No error is shown in reference to the action of the court.

3. The decedent's husband died in October, 1917. Shortly thereafter, she went to Fort Wayne and lived with appellee practically all the time until her death in July, 1920. There is some evidence that, during a part of this time, she visited or stayed with one of her other children. The evidence is conflicting as to the length of time she was absent from the home of appellee. Her health was not good, and she was able to do but little work. The evidence is sufficient to bring this case within the rule as laid down in *Yost* v. *Dunk, supra.*

We have carefully examined the evidence, both as set out in the brief and as disclosed by the record, and hold it is sufficient to sustain the decision of the court.

Judgment affirmed.